UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RODGERICK SEAN BOOTH #188768,    )
                                 )
            Plaintiff,           )    Case No. 2:06-cv-84
                                 )
v.                               )    HON. R. ALLAN EDGAR
                                 )
UNKNOWN TWEEDALE, et al.,        )
                                 )    **OPINION**
            Defendants.          )
_____)

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.     Factual Allegations

     Plaintiff Rodgerick Sean Booth, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officer Unknown Tweedale and Resident Unit Officer Unknown Martineau. Plaintiff alleges in his complaint that on March 21, 2006, he was denied yard because he was not at his door when staff made rounds. Plaintiff claims that he requested a grievance form, but Defendant Tweedale denied his request. Defendant Martineau agreed with Defendant Tweedale that prisoners wishing to go to yard must be at their cell doors when staff arrived. Plaintiff claims that Defendants' conduct violated his procedural due process rights. Plaintiff does not specify what relief he is seeking in this case.

II.     Failure to State a Claim

     A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff claims that the deprivation of yard on March 21, 2006, violated his due process rights. The court notes that this claim is without merit on the basis of *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995). In *Sandin*, the plaintiff alleged that prison officials deprived him of procedural due process by refusing to allow him to present witnesses during a disciplinary hearing and then sentencing him to segregation for misconduct. *Sandin*, 515 U.S. at 474, 115 S. Ct. at 2294. In reversing the Ninth Circuit's decision that the prisoner had a liberty interest in remaining free of disciplinary segregation, the Supreme Court abandoned the search for mandatory language in prisoner regulations as previously called for under *Hewitt v. Helms*, 459 U.S. 460 (1983), and ruled instead that it was time to return to the due process principles which were established in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and *Meachum v. Fano*, 427 U.S. 215 (1976). *Sandin*, 515 U.S. at 483, 115 S. Ct. at 2300 (internal citations omitted).

In *Sandin*, the Supreme Court noted that in some cases, a restraint might be so extreme as to implicate rights arising directly from the Due Process Clause itself. *Sandin*, 515 U.S. at 483-484, 115 S. Ct. at 2300 (internal citations omitted). In addition, the Court recognized that States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. However, Plaintiff's inability to go to "yard" on one occasion does not constitute an atypical and significant hardship. Therefore, Plaintiff's due process claims against the named Defendants are properly dismissed.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: *May 4, 2006*           /s/  *R. Allan Edgar*
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE